567 S.E.2d 612

**THE BOARD OF TRUSTEES OF the POLICE OFFICERS. PENSION AND RELIEF FUND OF the CITY OF WHEELING, Plaintiff Below, Appellee,**

v.

**James CARENBAUER, Defendant and Third–Party Plaintiff Below, Appellant,**

v.

**City of Wheeling, A Municipal Corporation, Third–Party Defendant Below, Appellee.**

No. 30102.

Supreme Court of Appeals of West Virginia.

Submitted April 3, 2002.

Decided May 29, 2002.

Robert P. Fitzsimmons, Russell J. Guthrie, Fitzsimmons Law Offices, Wheeling, West Virginia, for appellant.

Andrew J. Katz, The Katz Working Families' Law Firm, LC, Charleston, West Virginia, for appellee.

MAYNARD, Justice.

This case is before this Court upon appeal of a final order of the Circuit Court of Ohio County entered on March 9, 2001. In that order, the circuit court granted a motion for judgment on the pleadings filed by the appellee and plaintiff below, the Board of Trustees of the Police Officers Pension and Relief Fund of the City of Wheeling (hereinafter "the Board"), in this declaratory judgment action filed against the appellant and defendant below, James Carenbauer, a former police officer who is now disabled. The circuit court ordered Mr. Carenbauer to submit his federal and state tax returns for every year that he has been disabled to the Board for a determination of whether he has received more than $7,500.00 of income in any year since his non-work-related injury in 1995. The Board seeks to enforce W.Va.Code § 8-22-24(d) (1991), which requires a municipal police officer pension fund to reduce the benefits of an officer disabled due to a non-work-related injury by $1 for every $3 of income earned in excess of $7,500 annually.

In this appeal, Mr. Carenbauer contends that W.Va.Code § 8-22-24(d) as amended impairs the obligation of contract under Article III, Section 4 of the West Virginia Constitution and violates his equal protection rights under Article III, Section 10 of the West Virginia Constitution. Thus, he asserts that the circuit court erred by finding that the Board can reduce his pension benefits pursuant to W.Va.Code § 8-22-24(d) and by ordering him to produce his tax returns. This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, we reverse the final order and direct the circuit court to enter judgment in favor of Mr. Carenbauer.

## I. FACTS

In 1979, James Carenbauer began his employment as a full-time police officer for the City of Wheeling. In March 1995, Mr. Carenbauer injured his left knee in a non-work-related accident. After he was injured, Mr. Carenbauer requested a light duty assignment with the Wheeling Police Department so that he could continue his employment. However, Mr. Carenbauer was denied a light duty position, and as a result, he was forced to apply for disability pension benefits.[1]

When Mr. Carenbauer began his employment in 1979, retirement and disability benefits were provided to police officers pursuant

1. At the time of his injury, Mr. Carenbauer was 42 years old and had been employed by the Wheeling Police Department for 15 years. He was not eligible to apply for his retirement pension.

to W.Va.Code § 8–22–24 (1971). In particular, W.Va.Code § 8–22–24(a) stated that disability benefits were to be awarded to eligible police officers disabled from either work-related or non-work-related injuries as a percentage of their vested and accrued pension.[2] While he was employed by the Wheeling Police Department, Mr. Carenbauer made all of the required contributions to the pension fund. He was awarded a disability pension on June 3, 1996. Thereafter, Mr. Carenbauer obtained employment with another State agency.

In 1999, the Board requested copies of Mr. Carenbauer's tax returns pursuant to W.Va. Code § 8–22–24. The statute had been amended in 1991 to provide as follows:

> Beginning on and after the first day of April, one thousand nine hundred ninety-one, the monthly sum to be paid to a member who becomes eligible for total disability incurred not in the line of duty shall be the monthly benefit provided in subsection (a) of this section: Provided, That the limitation is subsection (b) of this section is not exceeded: Provided, however, That for any person receiving benefits under this subsection who is self-employed or employed by another, there shall be offset against said benefits the amount of one dollar for each three dollars of income derived from sell-employment or employment by another: Provided further, That a person receiving disability benefits must

file a certified copy of his or her tax return on or before the fifteenth day of April of each year to demonstrate either unemployment or income earned from self-employment or employment by another: And provided further, That there shall be no offset of benefit for any income derived from self-employment or employment by another when the annual total amount of such income is seven thousand five hundred dollars or less.

W.Va.Code § 8–22–24(d) (1991). The Board wanted to determine if a reduction in benefits was appropriate given Mr. Carenbauer's employment. Mr. Carenbauer refused to produce his tax returns.

Thereafter, the Board filed this declaratory judgment action in the Circuit Court of Ohio County. In response, Mr. Carenbauer filed a third-party complaint against the City of Wheeling asserting that it has refused to accommodate his disability by denying him a light duty assignment.[3] Subsequently, the Board filed a motion for judgment on the pleadings. By order entered on March 9, 2001, the circuit court granted the motion finding that despite Mr. Carenbauer's reliance on the statutory provision in place when he was hired, the 1991 amendment to W.Va. Code § 8–22–24(d) is valid and enforceable. Thus, Mr. Carenbauer was ordered to produce his tax returns for the Board's review. This appeal followed.[4]

2. W.Va.Code § 8–22–24(a) (1971) provided:

> If any member of any such paid police ... department of any such municipality shall become and be found ... to have become so physically or mentally permanently disabled by reason of service rendered in the performance of his duties in such department, as to render necessary his retirement from all service ... or if any member who has been such a member ... for a period of not less than five consecutive years preceding his disability become and be found ... to have become so physically or mentally permanently disabled, from any reason other than as specified above in this section, as to render necessary his retirement from all service ... such board of trustees shall retire such permanently disabled members from all service in such department; and said board of trustees of such pension and relief fund shall authorize the payment to each such permanently disabled member monthly from the pension and relief fund a disability

pension, the amount thereof to be determined as specified in subsection (f) of this section. W.Va.Code § 8–22–24(f) (1971) stated that:

> The monthly sum to be paid to each permanently disabled member of a paid police or fire department entitled thereto shall be equal to sixty percent of the monthly salary or compensation being received by such member, at the time he is so disabled, or the sum of two hundred dollars per month, whichever shall be greater.

3. It is noted that this appeal only concerns the applicability of W.Va.Code § 8–22–24(d) to Mr. Carenbauer. Thus, the City of Wheeling did not participate in this appeal.

4. The circuit court entered judgment in favor of the Board pursuant to Rule 54(b) of the West Virginia Rules of Civil Procedure in order to permit this appeal to go forward. Accordingly, further proceedings in this case have been stayed pending the outcome of this appeal.

## II. STANDARD OF REVIEW

■ As noted above, the circuit court granted the Board's motion for judgment on the pleadings. In Syllabus Point 1 of *Copley v. Mingo County Bd. of Educ.*, 195 W.Va. 480, 466 S.E.2d 139 (1995), this Court held that "[a]ppellate review of a circuit court's order granting a motion for judgment on the pleadings is de novo." With this standard in mind, we now address the issues in this case.

## III. DISCUSSION

■ The first issue in this case is whether the application of the 1991 amendment to W.Va.Code § 8–22–24(d) (1991) to Mr. Carenbauer unconstitutionally impairs the obligations of a contract under Article III, Section 4 of the West Virginia Constitution.[5] The circuit court determined that Mr. Carenbauer had no contractual rights to a certain level of disability benefits, and therefore, found that there had been no violation of the State's constitutional prohibition against a retroactive impairment of contract. In reaching this conclusion, the circuit court relied upon this Court's decision in *Booth v. Sims*, 193 W.Va. 323, 456 S.E.2d 167 (1995). While we agree that *Booth* is dispositive in this case, we believe the circuit court misapplied its holdings.

*Booth* provided the opportunity for this Court to clarify this State's pension law and delineate the pension rights of the thousands of West Virginia public employees. *Booth* was a mandamus proceeding brought by four state troopers following the Legislature's enactment of amendments to the troopers' pension plan in 1994. In particular, the new amendments increased the monthly payroll deduction from state troopers' salaries from 6 percent to 7.5 percent in 1994 and then raised the contribution to 9% on July 1, 1995; prohibited the state troopers' use of accumulated but unused annual and sick leave as credit toward years of service in determining eligibility for retirement benefits; and reduced the public safety retirement annual

annuity (cost of living) adjustment from an annual 3.75 percent to 2 percent. The troopers argued that the pension amendments unconstitutionally impaired vested rights to which they were entitled before the new legislation was enacted.

■ Although Mr. Carenbauer made the same argument, the circuit court distinguished *Booth* because that case concerned a retirement pension as opposed to a disability pension which is at issue here. The circuit court stated that "[t]he difference is that a retirement benefit will be paid to everyone that works for a certain period of time, while a disability benefit is contingent on a disabling injury[.]" However, as this Court clearly set forth in Syllabus Point 3 of *Booth*,

> When considering the constitutionality of legislative amendments to pension plans, an employee's eligibility for a pension does not determine whether he or she has vested contract rights. The determination of an employee's vested contract rights concerns whether the employee has sufficient years of service in the system that he or she can be considered to have relied substantially to his or her detriment on the existing pension benefits and contribution schedules.

In other words, "[i]n public employee pension cases, what often concerns the court is not the technical concept of 'vesting,' but rather the conditions under which public employees have a property right protected under the contract clauses because of substantial detrimental reliance on the existing pension system." Syllabus Point 5, *Booth*. Thus, Mr. Carenbauer's "eligibility" for a disability pension is irrelevant to the determination of whether his contract rights were impaired by the 1991 amendment to W.Va.Code § 8–22–24(d).

■ In Syllabus Point 6 of *Booth*, this Court held that

> In pension cases, then, there are two distinct issues of contract: (1) an employee's contract right to collect a pension after

---

**5.** Article III, Section 4 of the West Virginia Constitution states:

> The privilege of the writ of habeas corpus shall not be suspended. No person shall be held to answer for treason, felony or other crime, not

> cognizable by a justice, unless on presentment or indictment of a grand jury. No bill of attainder, ex post facto law, or law impairing the obligation of a contract, shall be passed.

statutory eligibility requirements have been met; and (2) an employee's legitimate expectations, also contractual in nature, that the government will not detrimentally alter the pension scheme once the employee has spent sufficient time in the system to have relied to his or her detriment. The first issue involves whether the employee has remained in government service for such a length of time that he or she can collect benefits; the second issue involves the employee's reliance on promised government benefits after years of government service but before actual retirement age. Pension eligibility and reasonable expectations about the system's benefits are entirely separate issues.

Thus, this Court concluded that:

> By meeting certain eligibility requirements, a public employee acquires a *right* to payment under a pension plan. For any employee not yet eligible for payment, this is a mere expectancy; if the public employee does not meet the age and service requirements for benefits, his or her participation in a state pension plan does not allow receipt of a pension. But substantial employee participation in the system *does* create an employee's reliance interest in pension benefits. An employee's membership in a pension system and his or her forbearance in seeking other employment prevents the legislature from impairing the obligations of the pension contract once the employee has performed a substantial part of his or her end of the bargain and relied to his or her detriment.

Syllabus Point 7, *Booth.*

In the case *sub judice,* we find that Mr. Carenbauer detrimentally relied upon the disability pension system that existed when he first became employed as a police officer. We previously noted that Mr. Carenbauer made all the necessary contributions to the pension plan during his fifteen years of employment as a police officer. In *Booth,* this Court recognized the difficulty in determining how many years of service is required before detrimental reliance can be presumed. It was concluded that "[l]ine drawing in this . . . regard must be made on a case-by-case basis, but after ten years of state service

detrimental reliance is presumed." 193 W.Va. at 340, 456 S.E.2d at 184. Because Mr. Carenbauer was a police officer for twelve years before W.Va.Code § 8–22–24(d) was amended and fully participated in the pension plan during that time period, we find that he detrimentally relied upon the statute's prior provisions.

█ The Board argues that regardless of any detrimental reliance by Mr. Carenbauer, a disability pension does not act as an inducement to remain in the government's employment and, therefore, should not be constitutionally protected. We disagree. In Syllabus Point 10 of *Booth,* this Court explained that,

> When the legislature structured the state trooper's pension system to allow for retirement before age fifty, the State encouraged state troopers to forego potential employment opportunities today for real pension benefits tomorrow. By promising pension benefits, the State entices employees to remain in the government's employ, and it is the enticement that is at the heart of employees' constitutionally protected contract right after substantial reliance not to have their own pension plan detrimentally altered.

The provision of a disability pension clearly serves the same function. Recognizing that police officers are uniquely susceptible to injuries in the line of the duty and that the physical requirements of their work necessarily means they are more likely to suffer disabling injuries, the Legislature promised police officers that if they became disabled, they would be provided a disability pension. Essentially, disability pension benefits are a part and parcel of a mandatory benefit package promised to police officers at the time of their employment.

█ Pursuant to Syllabus Point 19 of *Booth,*

> The pension rights of *all* current state pension plan members who have substantially relied to their detriment cannot be detrimentally altered at all, and any alterations to keep the trust fund solvent must be directed to the infusion of additional money. "Detrimentally alter" means the

legislature cannot reduce the existing benefits (including such things as medical coverage) of the pension plan or raise the contribution level without giving the employee sufficient money to pay the higher contribution. Should the legislature seek to reduce certain advantages of a pension plan, it must offer equal benefits in their place as just compensation.

Accordingly, we hold that the 1991 amendment to W.Va.Code § 8–22–24(d) detrimentally altered the disability pension plan of municipal police officers whose disability was not incurred in the line of duty. We further hold that W.Va.Code § 8–22–24(d) unconstitutionally impairs the contractual rights of those municipal police officers who detrimentally relied upon the statute's prior provisions. Therefore, when a municipal police officer is able to show detrimental reliance, W.Va.Code § 8–22–24(d) cannot be used to reduce that police officer's disability pension.

Having found that Mr. Carenbauer established detrimental reliance on the statute's prior provisions by his twelve years of service before the enactment of the 1991 amendment, we find that the circuit court erred by ordering him to comply with Board's request to review his tax returns.[6] Accordingly, the final order of the Circuit Court of Ohio County entered on March 9, 2001, which ordered Mr. Carenbauer to produce his tax returns for review by the Board is reversed, and this case is remanded to the circuit court for entry of an order of judgment in favor of Mr. Carenbauer on Count I of the Complaint for Declaratory Judgment.

Reversed and remanded with directions.

---

**6.** Having found W.Va.Code § 8–22–24(d) (1991) impairs Mr. Carenbauer's contractual rights under Article III, Section 4 of the West Virginia Constitution, it is not necessary to address his equal protection argument.